**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1852**

LUIS ERNESTO CASTILLO-PENA,

            Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  October 2, 2012        Decided:  October 9, 2012

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Luis Ernesto Castillo-Pena, Petitioner Pro Se.  Aimee J.
Carmichael, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Ernesto Castillo-Pena, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

Castillo-Pena contends that the Board erred in denying his motion for a second extension of time in which to file his brief. The Board has the discretion to extend the time for a party to file a brief upon the party's motion. See 8 C.F.R. § 1003.3(c)(1) (2012). Castillo-Pena was warned that generally the Board only gives one extension. He was further warned that if he received one extension, he was to assume he would not get another. We conclude the Board did not abuse its discretion in denying Castillo-Pena's second motion for an extension after it had already granted him an extension. He failed to show extraordinary circumstances that would warrant additional time to file his brief.

Castillo-Pena also challenges the denial of his application for CAT relief. He contends the immigration judge erred in finding that he failed to show it was more likely than not that he will be tortured or killed by police because of his tattoos.

To qualify for protection under the CAT, a petitioner bears the burden of showing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2012). To state a prima facie case for relief under the CAT, a petitioner must show that he will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2012); see Saintha v. Mukasey, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). "A public official acquiesces to torture if, 'prior to the activity constituting torture, [the official] ha[s] awareness of such activity and thereafter breach[es] his or her legal responsibility to intervene to prevent such activity.'" Lizama v. Holder, 629 F.3d 440, 449 (4th Cir. 2011) (quoting 8 C.F.R. § 1208.18(a)(7)). The applicant need not prove the torture would be inflicted on account of a protected ground. Dankam v. Gonzales, 495 F.3d 113, 116 (4th Cir. 2011).

We conclude that substantial evidence supports the finding that Castillo-Pena failed in his burden of proof. There was insufficient evidence in support of his claim that he will be tortured because of his tattoos.

3

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED